UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN WINGO,<br><br>          Plaintiff,<br><br>     v.<br><br>3M COMPANY,<br><br>          Defendant. | No. 22-CV-993 (WMW/JFD)<br><br>**ORDER DENYING MOTION TO RECONSIDER** |
| TITUS KARGBO,<br><br>          Plaintiffs,<br><br>     v.<br><br>3M COMPANY,<br><br>          Defendant. | No. 22-CV-996 (WMW/JFD) |
| DESIREE HOLLER,<br><br>          Plaintiff,<br><br>     v.<br><br>3M COMPANY,<br><br>          Defendant. | No. 22-CV-998 (WMW/JFD) |

| | |
|---|---|
| VAUGHN WINGO,<br><br>   Plaintiff,<br><br> v.<br><br>3M COMPANY,<br><br>   Defendant. | No. 22-CV-1890 (WMW/JFD) |

This matter is before the Court on Moving Plaintiffs' Motions for Reconsideration of the Court's bench ruling in four of the six related cases against Defendant 3M.[1] The reconsideration is denied for two reasons: it is not properly before the Court and even if it were, the Court would deny it.

This September, Moving Plaintiffs' former counsel moved to withdraw from representation, saying that "professional considerations" required their withdrawal and that their relationship with some of the Plaintiffs had broken down. (Pls.' Counsel's Mem. Supp. Mot. Withdraw 3, Dkt. No. 72 in 22-CV-993 (WMW/JFD).) The Court granted the motion in a ruling from the bench and issued a separate order memorializing the decision and setting several deadlines to get the case back on track. (Sealed Order 14–16, Dkt. No. 92 in 22-CV-993 (WMW/JFD).) In the order, the Court set a hearing date[2] for a motion to

---

[1] (Dkt. No. 114 in 22-CV-993 (WMW/JFD); Dkt. No. 95 in 22-CV-996 (WMW/JFD); Dkt. No. 110 in 22-CV-998 (WMW/JFD); Dkt. No. 84 in 22-CV-1890 (WMW/JFD).)

[2] The Order read, in relevant part: "The hearing on 3M's *Motion to Compel and for Sanctions will be held as scheduled on November 14, 2023* at 9 a.m. in Courtroom 6A, located at 300 N. Robert Street in Saint Paul, Minnesota. Plaintiffs' responses to Defendant 3M's Motions to Compel and for Sanctions will be due on October 31, 2023." (Sealed Order 16 (emphasis added, citations omitted).)

2

compel, which was pending at the time of the motion to withdraw, for November 14, 2023. (*Id.* at 16.) The Court ordered Plaintiffs' former counsel to serve a copy of the order on all Plaintiffs via mail and email. (*Id.* at 14.) Counsel filed an affidavit confirming that he had complied with the Court's order. (Affidavit of Brian J. Kluk at 2, Dkt. No. 97 in 22-CV-993 (WMW/JFD).) Counsel affirmed that, when possible, he used a delivery confirmation service to ensure that the postal mail was received. (*Id.* at 3.) At the time of the letter, counsel had confirmation that John Wingo received the mailing. (*Id.*)

No Plaintiffs filed a response to the motion to compel. Instead, Moving Plaintiffs sought to stay the case so they could "secure legal counsel who can effectively represent [their] interests." (Mot. 3, Dkt. No. 98 in 22-CV-993 (WMW/JFD).) The Court denied the motion because it had already given Moving Plaintiffs a reasonable time to find new counsel under the circumstances, and further delay would significantly prejudice 3M. (Sealed Order 1, Dkt. No. 107 in 22-CV-993 (WMW/JFD).) The Office of the Clerk of Court mailed this Court's order—which referenced[3] the upcoming motion hearing date—to the parties at the address their former attorney listed for them. The Court held a hearing on the motion to compel as scheduled. No plaintiffs were present. The Court granted the motion to compel, with some exceptions and reservations not relevant here, and promised a written order and new scheduling order in due course. (Hr'g Mins., Dkt. No. 113 in 22-CV-993 (WMW/JFD).)

---

[3] This order read: "In its previous order granting the withdrawal of Plaintiff's prior counsel, the Court ordered that no new motions were to be filed before *November 14, 2023, the day the Motion to Compel is scheduled to be heard*." (Sealed Order 4 (emphasis added, citations omitted).)

Yesterday, the Office of the Clerk of Court received a motion via UPS next day airmail. (*See* Envelope, Dkt. No. 114-1.) The motion asks the Court to reconsider its bench ruling because Moving Plaintiffs did not have notice that there was a hearing at all. (Moving Pls.' Mot. 2, Dkt. No. 114.) They claim that they requested the entire file from their former counsel on October 16, 2023, three days after the Court announced it would grant counsel's motion to withdraw. (*Id.*) They claim they did not receive the whole file until the day of the hearing on the motion to compel. (*Id.*) Only after finding the amended notice of hearing did they realize there was an in person hearing scheduled. (*Id.*) Moving Plaintiffs argue that if they had known that a hearing would take place, they would have appeared and argued the motion. (*Id.*)

## I.     The Motion is Not Properly Before the Court.

The Court first denies this motion because it is not properly before the Court. The District's Local Rules prohibit parties from filing motions to reconsider without permission from the Court. D. Minn. LR 7.1(j). To seek permission, a party must file a letter of no more than two pages. *Id.* Moving Plaintiffs' filing was titled "Motion for Reconsideration of the Court's [sic]," included a case caption, and was three pages in length (not counting five signature pages). This was a motion for reconsideration, not a request for permission to file a motion for reconsideration. As this Court has already reminded Plaintiffs, pro se litigants are not excused from complying with local rules when practicing before the Court. *Brunch v. University of Arkansas Board of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017). The Court denies the motion for failure to follow local rules. *See* D. Minn. LR 1.3.

## II. Even If the Court Construed the Motion as a Letter Request to File a Motion to Reconsider, It Would Deny the Request.

Even if the Court were to set aside compliance with the Local Rules—which it does not—and construe the motions as letter requests for permission to file motions for reconsideration, it would still not grant the request because Moving Plaintiffs have not shown that compelling circumstances warrant it. *See* LR 7.1(j) (setting standard for granting permission to file motion reconsideration). The Court does not credit Moving Plaintiff's claims that they did not know a motion hearing would take place on November 14, 2023. Moving Plaintiffs received notice of this hearing date, through their counsel at the time, on September 25. (Am. Notice of Hr'g on Mot., Dkt. No. 79 in 22-CV-993 (WMW/JFD).) After counsel withdrew, counsel's firm mailed and emailed a copy of this Court's written order granting the motion to withdraw, which stated that the motion to compel would be heard on November 14, 2023. (Sealed Order 16, Dkt. No. 92; Kluck Aff. ¶¶ 2–3.) On November 3, this Court issued an order that directly referenced the upcoming hearing date. (Sealed Order 4, Dkt. No. 107.) The Court mailed this order to the Moving Defendants at the addresses their attorney provided for them.

To credit Moving Plaintiffs' claims that they did not have notice of this hearing would be to imagine a confluence of events that are increasingly improbable: (1) that their former counsel neglected to tell them about an upcoming motion hearing in another state; (2) after counsel withdrew, they never received his email or mail containing the order on the motion to withdraw that included the hearing date; (3) they never received the copy of the Court's order denying their motion to stay (which referenced the date) that the Office

5

of the Clerk sent by mail; and (4) they could not access their case files until exactly the day that the motion was scheduled to be heard. The Court is not convinced that the plaintiffs were without notice, and thus no compelling circumstances exist to justify giving Moving Plaintiffs the opportunity to file a motion to reconsider.

Therefore, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Moving Plaintiffs' Motions to Reconsider[4] are **DENIED.**

Dated: November 17, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

---

[4] (Dkt. No. 114 in 22-CV-993 (WMW/JFD); Dkt. No. 95 in 22-CV-996 (WMW/JFD); Dkt. No. 110 in 22-CV-998 (WMW/JFD); Dkt. No. 84 in 22-CV-1890 (WMW/JFD).)